UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Terry Bryant,
    Plaintiff

    v.                                     Case No. 11-cv-217-SM
                                            Opinion No. 2013 DNH 142
Liberty Mutual Group, Inc.,
    Defendant

**O R D E R**

Apparently believing that plaintiff's claims in this case were unacceptably weak, Liberty Mutual filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. That motion is denied.

The imposition of sanctions under Rule 11 is reserved for cases in which a party or an attorney makes arguments for an "improper purpose," advances "frivolous" claims, or asserts factual allegations without "evidentiary support" or the "likely" prospect of such support. See, e.g., Citibank Global Mkts., Inc. v. Rodriguez Santana, 573 F.3d 17, 32 (1st Cir. 2009). See also CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011). This is not such a case.

Bryant's substantive discrimination claims against Liberty Mutual were hardly facially meritless. Rather, they were barred

because the Severance Agreement and General Release she signed proved to be enforceable.  The parties and the court necessarily focused on her efforts to invalidate that agreement, not reaching the merits of the underlying discrimination claims.  While her efforts to overcome the contractual bar ultimately proved unavailing, Bryant's arguments were not so weak, or frivolous, or lacking in factual or legal support as to warrant the imposition of sanctions under Rule 11.  See generally Young v. City of Providence, 404 F.3d 33, 39-40 (1st Cir. 2005) ("[C]ourts ought not invoke Rule 11 for slight cause; the wheels of justice would grind to a halt if lawyers everywhere were sanctioned every time they made unfounded objections, weak arguments, and dubious factual claims.").  Nor is there evidence that those arguments were advanced for an improper purpose or that counsel conducted a culpably inadequate investigation prior to filing suit.  And, of course, Liberty Mutual is not entitled to an award of sanctions under Rule 11 simply because some of Bryant's claims proved unsuccessful.  See, e.g., Protective Life Ins. Co. v. Dignity Viatical Settlement Partners. L.P., 171 F.3d 52, 58 (1st Cir. 1999).

What saved Liberty Mutual from having to defend its allegedly discriminatory conduct before a civil jury in this case was the court's determination that the Severance Agreement was,

as a matter of law, enforceable against Bryant.  In reaching that conclusion, the court determined that Bryant was sufficiently well-educated and sophisticated to render her reliance on the (alleged) fraudulent misrepresentations made by Liberty Mutual's human resources representative unreasonable as a legal matter. See Bryant v. Liberty Mut. Group, Inc., 2013 DNH 077 at 24-26 (D.N.H. May 31, 2013).  In other words, had she been less well-educated or sophisticated, Bryant might well have prevailed in her attempts to invalidate the Severance Agreement.

Viewed in that light, it is plain that her efforts to invalidate the Severance Agreement on grounds of fraudulent inducement were not frivolous — particularly given that other former employees of Liberty Mutual contemporaneously made similar assertions that they, too, had received and relied upon similar fraudulent misrepresentations from Liberty's agent.  See Stevens v. Liberty Mut. Group, Inc., 2013 DNH 104 (D.N.H. July 29, 2013); Trefethen v. Liberty Mut. Group, Inc., 2013 DNH 081 (D.N.H. May 31, 2013).  Indeed, Bryant's assault upon the enforceability of the Severance Agreement was no more "frivolous" or "unsupported" or "baseless" than Liberty Mutual's decidedly weak counterclaims (on which the court awarded summary judgment in favor of Bryant).

**Conclusion**

Bryant's legal arguments supportive of her view that the Severance Agreement was unenforceable on grounds of fraudulent inducement were consistent with existing law, there was adequate factual support for at least some of the arguments she pressed, and there was no evidence that those arguments were advanced for an improper purpose.

Defendant's Motion for Rule 11 Sanctions (document no. 73) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 24, 2013

cc:  John E. Lyons, Jr., Esq.
     Douglas J. Hoffman, Esq.
     Martha Van Oot, Esq.
     Debra W. Ford, Esq.
     K. Joshua Scott, Esq.